ELECTRONICALLY FILED
Superior Court of California,
County of Orange
04/04/2018 at 11:32:06 AM
Clerk of the Superior Court
By Yesica Campos, Deputy Clerk

Michael A. Gould, Esq. (SBN 151851)
Michael@wageandhourlaw.com
Aarin A. Zeif (SBN 247088)
Aarin@wageandhourlaw.com
GOULD & ASSOCIATES
A Professional Law Corporation
17822 E. 17th Street, Suite 106
Tustin, California 92780
Telephone: (714) 669-2850
Facsimile: (714) 544-0800

Attorneys for Plaintiff,
Andrew Kerr

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF ORANGE

| | |
|---|---|
| ANDREW KERR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXEL INC., and DOES 1 through 25,<br><br>Defendants. | CASE NO.: 30-2018-00983804-CU-OE-CJC<br>Judge Derek W. Hunt<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. FAILURE TO PAY MINIMUM WAGE (*LABOR CODE* § 1197);<br><br>2. FAILURE TO PAY UPON TERMINATION OR QUITTING EMPLOYEE (*Cal. Labor Code* §§ 201, 202, 203);<br><br>3. FAILURE TO PROVIDE CORRECT ITEMIZED STATEMENT TO EMPLOYEE (*Cal. Labor Code* § 226);<br><br>4. UNFAIR BUSINESS PRACTICES (*Cal. Business and Professions Code* §§ 17200 et seq.);<br><br>5. FAILURE TO PROVIDE EMPLOYMENT RECORDS (violation of *California Labor Code* § 1198.5);<br><br>6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.<br><br>Demand for a Jury Trial<br>Unlimited Civil |

1
COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1. Andrew Kerr (hereinafter "Kerr"), is, at all times mentioned, an individual residing in the County of San Bernardino, State of California.

2. Andrew Kerr alleges that he was employed by Defendant Excel Inc. (hereinafter referred to as "Defendant").

3. Kerr is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 25, inclusive and therefore sues those Defendants by such fictitious names. Kerr will amend this complaint to allege their true names and capacities when ascertained. Kerr is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and were proximately caused by their conduct.

4. Kerr is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

5. Venue is proper in this judicial district because the conduct alleged in this Complaint occurred in this judicial district.

## FIRST CAUSE OF ACTION
### For Failure to Pay Minimum Wage
(Violation of *California Labor Code* § 1197 and *IWC Wage Orders*)

6. Kerr re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 5, inclusive, as though fully set forth herein.

7. Kerr is informed and believes, and thereon alleges, that *California Labor Code* § 1197 and the *Industrial Welfare Commission Wage Orders* were in full force and effect and binding on Defendants at all times mentioned herein. Set sections make it unlawful for an employer to pay an employee less than the minimum wage.

8. Kerr is informed and believes, and thereon alleges, that he was not paid the minimum wage for all hours worked by Defendants, which is below what is required by the State

of California's minimum wage laws. Since Defendants failed to pay Kerr minimum wages, Defendants are in violation of *California Labor Code* § 1197 and the *IWC Wage Orders*.

9. Kerr is therefore entitled to recover the unpaid amount of the minimum wage, liquidated damages, interest thereon, and reasonable attorneys' fees and costs as provided for by *California Labor Code* §§ 1194 and 1194.2.

## SECOND CAUSE OF ACTION
### Failure to Pay Terminated or Quitting Employee
### (Violation of *California Labor Code* §§ 201, 202, and 203)

10. Kerr re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. At all times mentioned in this Complaint *California Labor Code* §§ 201, 202, and 203 were in full force and effect and binding on Defendants. Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge.

12. Kerr is informed and believes, and thereon alleges, that Defendants refused and/or willfully failed to pay all wages owed to Plaintiff at the time of discharge which was approximately October 13, 2017.

13. As a result of Defendants' violation of *California Labor Code* §§ 201, 202 and 203, Plaintiff is entitled to penalties under *California Labor Code* § 203, which provides that upon violation of *California Labor Code* § 201, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

## THIRD CAUSE OF ACTION
### Failure to Provide Itemized Statement to Employee
### (Violation of *California Labor Code* § 226)

14. Kerr re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. Kerr is informed and believes, and thereon alleges, that Defendants are required by law to provide a proper itemized statement to Plaintiff under *California Labor Code* § 226. Said section requires employers to give an itemized statement to an employee at every pay period

which includes gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates.

16. At all times mentioned in this Complaint *California Labor Code* § 226 was in full force and effect and binding on Defendants.

17. Notwithstanding the requirements of *California Labor* Code § 226, Defendant knowingly and intentionally failed to provide Plaintiff with proper and accurate paychecks in violation of *California Labor Code* § 226.

18. Kerr is informed and believes, and thereon alleges, that she is entitled to penalties for failure to maintain proper and correct itemized statements in violation of *California Labor Code* § 226, in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### Unfair Business Practices
(Violation of *Cal. Business and Professions Code* § 17200 et. seq.)

19. Kerr re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. At all times herein mentioned, *California Business and Professions Code* § 17200 *et. seq.* was in full force and effect and binding upon Defendants. Said sections prohibit Defendants from engaging in unfair practices including, but not limited to, failing to pay proper wages.

21. Kerr is informed and believes, and thereon alleges, that Defendants engaged in unlawful business practices in violation of *California Business and Professions Code* § 17200 *et. seq.* by failing to pay proper wages to Plaintiff.

22. As a direct result of the actions of Defendants as alleged above, Kerr is entitled to restitution pursuant to *California Business and Professions Code* §§ 17203 and 17208 in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE EMPLOYMENT RECORDS
(Violation of *California Labor Code* § 1198.5)

4
COMPLAINT FOR DAMAGES

23. Kerr re-alleges and incorporates by this reference paragraphs 1 through 22 of the preliminary allegations, as though fully set forth herein.

24. *California Labor Code* § 1198.5 states "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." "Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request . . . ."

25. On February 5, 2018, Counsel for Plaintiff wrote a letter to Defendant requesting Plaintiff's personnel records.

26. Defendant failed to provide Plaintiff's personnel records to Plaintiff or Counsel for Plaintiff within the time period prescribed under *California Labor Code* § 1198.5.

27. Plaintiff seeks penalties, an injunction, and attorney's fees and costs pursuant to *California Labor Code* § 1198.5(k) and (l).

### SIXTH CAUSE OF ACTION
#### Wrongful Termination in Violation of Public Policy

28. Kerr re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27 inclusive, as though fully set forth herein.

29. The public policy of the State of California, as expressed by the Legislature, the California Constitution, and the California Supreme Court, is to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without retaliation for making safety complaints and/or complaints of improper wage practices.

30. Defendant deliberately, intentionally, and wrongfully terminated Kerr on or about October 13, 2017 without just cause or reason and on the improper and illegal basis of his reporting of threats of violence in the work place. See *California Code of Civil Procedure* § 527.8; *Franklin v. Monadnock Co.* (2007) 151 CA4th 252, 258.

31. As a direct, foreseeable, and proximate result of Defendant's acts, Kerr suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

32. Kerr is further informed and believes, and thereon alleges that Defendant intentionally, willfully, maliciously, and oppressively terminated Kerr, thus entitling Kerr to recover punitive damages from Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1. Judgment against Defendants for all unpaid minimum wages, according to proof;
2. For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;
3. Judgment against Defendants for penalties required under *California Labor Code* § 1194.2 in a sum according to proof;
4. Judgment against Defendants for reasonable attorney's fees as provided for by law;

### ON THE SECOND CAUSE OF ACTION

5. For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;
6. Judgment against Defendants for reasonable attorney's fees as provided for by law;

### ON THE THIRD CAUSE OF ACTION

7. Judgment against Defendants for penalties and/or damages pursuant to *California Labor Code* § 226;
8. Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;

### ON THE FOURTH CAUSE OF ACTION

9. For restitution of all unlawfully withheld wages for a period commencing four years prior to the filing of this action through final judgment;

## ON THE FIFTH CAUSE OF ACTION

10. Judgment against Defendants for penalties and/or damages pursuant to *California Labor Code* § 1198.5;

11. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

## ON THE SIXTH CAUSE OF ACTION

12. Judgment against Defendants for general damages according to proof;

13. Judgment against Defendants for special damages according to proof;

14. Judgment against Defendants for punitive damages according to proof;

15. Judgment against Defendants for pre-judgment interests;

## ON ALL CAUSES OF ACTION

16. For pre-judgment interest according to proof;

17. Costs of suit incurred herein;

18. Attorney's Fees as provided by law; and

19. For such further relief as the court deems just and proper.

Dated: March 23, 2018

*/s/ Aarin A. Zeif*
Michael A. Gould
Aarin A. Zeif
GOULD & ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Andrew Kerr

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. Oct. 2014)  Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:            Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:            Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> **JUSTICE CENTER:** <br> ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s),_____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
         ☐ Under section 1141.11 of the Code of Civil Procedure
         ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                             California Rules of Court, rule 3.221
L1270 (Rev. July 2014)

2545
04/04/18

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EXEL INC., and DOES 1 through 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDREW KERR, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

04/04/2018 at 11:32:06 AM

Clerk of the Superior Court
By Yesica Campos, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Orange County Superior Court
*(El nombre y dirección de la corte es):*

700 Civic Center Drive West
Santa Ana, Ca 92701

CASE NUMBER: 30-2018-00983804-CU-OE-CJC
*(Número del Caso):*

Judge Derek W. Hunt

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gould & Associates, 17822 E. 17th St., Suite 106, Tustin, Ca 92780; 714-669-2850; 714-544-0800

DATE: 04/04/2018    DAVID H. YAMASAKI, Clerk of the Court    Clerk, by _____ , Deputy
*(Fecha)*                                                    *(Secretario)*  Yesica Campos   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-01)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Exel, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | CM-010 |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Aarin A. Zeif (SBN 247088) and Michael A. Gould (SBN 151851)<br>Gould & Associates<br>17822 E. 17th St., Suite 106<br>Tustin, Ca 92780<br>TELEPHONE NO.: 714-669-2850    FAX NO.: 714-544-0800<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>04/04/2018 at 11:32:06 AM<br>Clerk of the Superior Court<br>By Yesica Campos, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, Ca 92701<br>BRANCH NAME: | |
| CASE NAME:<br>Kerr v. Excel Inc | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2018-00983804-CU-OE-CJC<br>JUDGE: Judge Derek W. Hunt<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [✓] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 4, 2018
Aarin A. Zeif
(TYPE OR PRINT NAME)                    ▶ *(signature)* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use            **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                                Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                    www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice– Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic relations)*
        Sister State Judgment
        Administrative Agency Award *(not unpaid taxes)*
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition